ORIGINAL
FILED
NOV 12 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YOHONIA M. MARTIN,

    Plaintiff,

v.

WELLS FARGO BANK,

    Defendant.

No. C 13-04022 HRL (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a state prisoner proceeding pro se, filed a complaint against Wells Fargo Bank in San Rafael pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

## DISCUSSION

### A. Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claim**

Plaintiff challenges the "legitamacy [sic] of actual banking institution" of the Wells Fargo Bank located inside the "Kroger Grocery on East Leland in Pittsburg California." (Compl. at 3.) It is not clear what relief Plaintiff seeks. (Id.) Be that as it may, Plaintiff fails to state a cognizable claim under § 1983 because the complaint, liberally construed, fails to state a claim under § 1983. First of all, Plaintiff does not assert a violation of any federal right. Even if this particular banking branch was not "legitimate," any deprivation of property is a matter best addressed by the state courts.[1] Secondly, Plaintiff has failed to show how Wells Fargo Bank, a private banking institution, was "acting under the color of state law" in these circumstances.[2] Plaintiff shall be granted leave to amend to attempt to state a cognizable claim under § 1983.

## CONCLUSION

---

[1] Section 1983 does not impose liability for violations of duties of care arising out of state tort law. See DeShaney v. Winnebago County Social Servs. Dep't, 489 U.S. 189, 201-03 (1989).

[2] Action taken by private individuals or organizations may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. What is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity. . . . [N]o one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason against attributing activity to the government." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295-96 (2001) (internal quotation marks omitted).

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "FIRST AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 13-04022 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: 11/12/13

HOWARD R. LLOYD
United States Magistrate Judge

ORIGINAL FILED

NOV 1 2 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

YOHONIA M. MARTIN,

    Plaintiff,

v.

WELLS FARGO BANK,

    Defendant.

Case Number: CV13-04022 HRL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/12/13, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Yohonia Monique Martin 1163324
Womens Correctional Center
1590 Maple Street
Redwood City, CA 94063

Dated: 11/12/13

Richard W. Wieking, Clerk